08-4437-ag
Hospedales v. Holder

BIA
Vomacka, IJ
A040 232 305

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

---

BRIAN HOSPEDALES,
> *Petitioner*,

v.                                        08-4437-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]
> *Respondent*.

---

FOR PETITIONER:        Michael E. Swartz, Marji Molavi, Schulte Roth & Zabel LLP, New York New York.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Charles E. Canter, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Brian Hospedales, a native and citizen of Trinidad and Tobago, seeks review of an August 27, 2008, order of the BIA affirming the July 14, 2006, decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Brian Hospedales*, No. A040 232 305 (B.I.A. Aug. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Hospedales is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii), we lack jurisdiction to review the agency's factual findings and discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to consider Hospedales' constitutional claim

2

that the IJ denied him due process by declining to permit his two witnesses to testify and that he was prejudiced by such decision.  *See* 8 U.S.C. § 1252(a)(2)(D).  We review *de novo* such constitutional claims.  *Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009).

In the immigration context, "[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and that she was prejudiced by such error, *see United States v. Sanchez*, 225 F.3d 172, 176 (2d Cir. 2000).  Hospedales has demonstrated neither.

Pursuant to the statute governing removal proceedings, an "alien shall have a reasonable opportunity . . . to present evidence on the alien's own behalf."  8 U.S.C. § 1229a(b)(4)(B).  When an applicant proffers readily available live testimony going to the crux of his asylum application, an IJ fails to comply with the mandate of 8 U.S.C. § 1229a(b)(4)(B) by precluding the applicant from offering such testimony based on an arbitrary assumption

that the testimony to be offered will have little value or will not be credible. *See Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir. 2007) (noting that an IJ's credibility assessment must not be arbitrary or based on bald speculation); *see also Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005) ("Due process principles prohibit an IJ from declining to hear relevant testimony because of a prejudgment about the witness's credibility or the probative value of [the] testimony".

In Hospedales' proceedings, the IJ did not decline to hear any immediately available live witness testimony. In fact, on the day of his merits hearing, Hospedales informed the IJ of his intention to either present long distance telephonic testimony from his two witnesses or to have one of his witnesses testify live two weeks later. The IJ reasonably declined to grant Hospedales' late request. *See* Local Operating Procedures, Office of the Immigration Judge, New York, New York, Procedure 3(D) (providing that "[a] party seeking a continuance of any scheduled hearing shall file a written motion as soon as the reason for such request is known, but not less than ten (10) days prior to the scheduled hearing date.").

Assuming that Hospedales' request had been timely, the IJ reasonably noted the Immigration Court's expense in making two lengthy long distance telephone calls in order to obtain such testimony and expressed concern about his inability to verify the identity of the witnesses over the telephone. *See Djedovic v. Gonzales*, 441 F.3d 547, 551 (7th Cir. 2006) (noting "there is nothing arbitrary about favoring live over remote testimony (as every federal court does) or favoring written reports from experts over phone connections."). The IJ also did not err in declining to continue Hospedales' proceedings for two weeks to allow one of the witnesses to testify in person, indicating a preference for avoiding delays in cases involving detained aliens and recognizing that "any number of things" could interfere with the witness's travel to the United States and the Court's availability to hear his testimony at that time. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Although there is some indication that the IJ may have considered the reliability of Hospedales' witnesses to a certain extent prior to deciding whether to allow them to testify, the IJ ultimately found that they were useful sources of information and reviewed the affidavits they had

5

submitted.  Thus, because the IJ did not decline to permit immediately available live testimony in Hospedales' proceedings and because the IJ's decision to rely on the witnesses' statements as opposed to their testimony appears to have been based solely on the facially neutral administrative reasons that he provided for that decision, we do not find that the IJ arbitrarily denied Hospedales a fundamentally fair hearing in violation of his right to due process.

Likewise, Hospedales has not demonstrated that he was prejudiced by the IJ's decision declining to permit his witnesses to testify because, contrary to his contention, there was no nexus between the rejected testimony and the issue that the IJ ultimately found dispositive.  "Prejudice is shown where defects in the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred."  *United States v. Copeland*, 376 F.3d 61, 73 (2d Cir. 2004) (internal quotation marks omitted).  The appropriate test for prejudice is a "reasonable probability" that the results of the proceedings would have been different absent error in the proceedings.  *Id.*  A reasonable probability "is a probability sufficient to

undermine confidence in the outcome." *United States v. Scott*, 394 F.3d 111, 118 (2d Cir. 2005).

There is not a reasonable probability that the excluded testimony in Hospedales' proceedings would have altered the IJ's conclusion that, although Hospedales demonstrated that he might be tortured if removed to Trinidad and Tobago, he did not establish that such torture would more likely than not occur. *See* 8 C.F.R. § 1208.16(c). Indeed, because the IJ believed that Hospedales might be mistreated in Trinidad and Tobago, witness testimony providing specific examples of isolated incidents of the mistreatment of deportees would not have directly addressed the IJ's ultimate conclusion that Hospedales failed to demonstrate that he would *more likely than not* suffer such mistreatment if removed to Trinidad and Tobago. *See Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) ("To be entitled to relief under CAT, . . . [an applicant] must establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that he will be tortured upon return to his or her country of origin." (quoting 8 C.F.R. § 208.16(c)(4))). Thus, we do not find that Hospedales was prejudiced by the IJ's decision declining to permit his witnesses to testify.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk